IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00287-REB-CBS

MARK A. SCHREINER,
      Plaintiff,
v.

CITY OF LOUISVILLE, COLORADO,
LOUISVILLE , CO POLICE DEPT. (LPD),
LPD CHIEF DAVID HAYES,
LPD OFFICER JOSH SUNDBERG,
LPD OFFICER ANTHONY MARTINEZ, and
LPD SGT. JAY LANPHERE,
      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendants' Motion to Dismiss.  Pursuant to the Order Referring Case dated February 11, 2015 (Doc. # 12) and the memorandum dated March 16, 2015 (Doc. # 21), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, Plaintiff's Response (filed June 11, 2015) (Doc. # 35), Defendants' Reply (filed June 23, 2015) (Doc. # 36), the Complaint (Doc. # 3), the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.     Statement of the Case

Mr. Schreiner initiated this action following his arrest related to an altercation with his ex-wife at his home in Louisville, Colorado on December 14, 2012.  He filed the Complaint in the Boulder County District Court on December 12, 2014.  (*See* Doc. # 3).  Defendants removed the case to this court on February 10, 2015.  He brings his "claims based on Federal civil rights violations."  (*See* Doc. # 3 at 2 of 19, ¶ 8).  On December 15, 2014, Mr. Schreiner filed an

identical Complaint in the United States District Court for the District of Colorado.  *See Schreiner et al v. City of Louisville, et al*, Civil Action No. 2014-CV-03383-GPG.  That case was dismissed by stipulation of the parties.


II.     Standard of Review

Defendants move to dismiss the entire Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971).  As the party asserting jurisdiction, Mr. Schreiner bears the burden of establishing that this court has jurisdiction to hear his claims.  *American Fair Credit Ass'n v. United Credit Nat. Bank*, 132 F. Supp. 2d 1304,1308-09 (D. Colo. 2001) (citation omitted).  "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (internal quotation marks and citations omitted).  Defendants' arguments regarding the provisions of the Colorado Governmental Immunity Act ("CGIA") constitute a challenge to the court's subject matter jurisdiction.  *See* Colo. Rev. Stat. § 24–10– 109(1) (Compliance with the provisions of the CGIA "shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.");  *Douglas v. City and County of Denver*, 203 P.3d 615, 617 (Colo. App. 2008)

("Whether a claim is barred on grounds of immunity under the CGIA is a question of subject matter jurisdiction and is properly addressed under C.R.C.P. 12(b)(1).").

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> In reviewing a motion to dismiss, this court must look for plausibility in the complaint.   Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotation marks and citations omitted).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, the court should not "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110).

III.    Analysis

Mr. Schreiner alleges eleven claims that the court construes as: (1) Officers Sundberg and Martinez unlawfully arrested, searched, seized and confined him in violation of the Fourth and Fourteenth Amendment on December 14, 2012,[1] (2) it is the policy and custom of the City

---

[1]  The Fourth Amendment prohibits unreasonable searches and seizures.  *United States v. Gordon*, 741 F.3d 64, 69 (10th Cir. 2014). Mr. Schreiner's Fourteenth Amendment claim is redundant of the rights guaranteed by the more specific Fourth Amendment, particularly in this case, where the facts supporting each claim are identical.  *See Becker v. Kroll*, 494 F.3d 904, 918–19 (10th Cir.2007) ("In the initial stages of a criminal proceeding, the Fourth Amendment protects a person's liberty interests under the constitution by ensuring that any arrest or physical incarceration attendant to a criminal prosecution is

of Louisville and Chief of Police to inadequately and improperly investigate and document citizen complaints of police misconduct by not writing a report of Plaintiff's alleged kidnapping claim against his son's mother, (3) "Defendants" maliciously prosecuted him when they wrongfully charged him with crimes and after many months the district attorney dropped all charges against him due to lack of evidence, (4) Defendants Sundberg, Martinez and Lanphere were negligent when they arrested him without probable cause because they owed him a duty to stop each other from committing the unlawful act, (5) the City of Louisville was negligent because it owed a duty to him to exercise reasonable care in the hiring, contracting, testing, training, and supervising of its police officers, (6) Defendant Sundberg committed assault and battery against him during his arrest, causing injuries, (7) "Defendants" defamed him by communicating to third parties that he was arrested for domestic abuse, child abuse, and harassment, (8) Defendants Sundberg and Martinez failed to provide for his pets after he was arrested, although they knew the pets needed attention, (9) Defendants acted recklessly and with the intent of causing him severe emotional distress, (10) Defendant Sundberg committed medical malpractice when he refused to allow Plaintiff to take his prescribed medications with him to the county jail and as a result Plaintiff suffered "significant damages", and (11) Defendants Hayes, Sundberg, Martinez, and Lanphere conspired to arrest and confine him even though there was no probable cause to arrest him.  (*See* Civil Action No. 14-cv-03383-GPG, *Schreiner v. City of Louisville, et al.*, "Order to Dismiss in Part and to Amend in Part" (Doc. # 29)).  Mr. Schreiner seeks money damages in the amount of "$975 Million" and injunctive relief. (See Doc. # 3 at 19 of 19).

---

reasonable.  The more general due process considerations of the Fourteenth Amendment are not a fallback to protect interests more specifically addressed by the Fourth Amendment in this context....") (citations omitted); *Micalizzi v. Ciamarra*, 206 F.Supp.2d 564, 579 (S.D.N.Y.2002) ("Claims arising from investigations for law-enforcement purposes, including a § 1983 claim premised on a person's arrest, are to be judged by the standards of the Fourth Amendment.") (citations omitted).

A.      Failure to Allege Constitutional Violation

In his Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims, Mr. Schreiner fails to assert a constitutional violation to support any claim of a federal civil rights violation.  Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law."  *Adickes v. S.H.Kress & Co.*, 398 U.S. 144, 147, 150 (1970), *overruled on other grounds by Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  "In order to successfully state a cause of action under section 1983, [Plaintiffs] must allege . . . the deprivation of a federal right and that the alleged action was taken under color of state law."  *Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) (internal quotation marks and citation omitted).  Mr. Schreiner's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims for Relief assert negligence, assault and battery, defamation, intentional and negligent infliction of emotional distress, and medical malpractice, which are state law claims.  (*See* Civil Action No. 14-cv-03383-GPG at Doc. # 29 at 6 of 9).  Mr. Schreiner cannot base his federal civil rights claims upon violations of state law.[2]  Nor may claims of § 1983 liability be predicated on negligence.  *Daniels v. Williams*, 474 U.S. 327, 330 (1986).  *See also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"), *overruled in part on other grounds, Williams v. City & County of Denver*, 99 F.3d 1009, 1014-15 (10th Cir. 1996).  Mr. Schreiner's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims fail to state a claim to which relief can be granted under § 1983.

---

[2]  Mr. Schreiner concedes that his claim for "medical malpractice was a stretch."  (*See* Response (Doc. # 35) at 25 of 69).

B.      Second Claim for Relief

Mr. Schreiner's Second Claim for Relief against Defendants City of Louisville and Chief David Hayes is properly dismissed for failure to state a claim to which relief can be granted.  Mr. Schreiner alleges that although he has called the police thirty-seven times to report his son being kidnapped by his ex-wife, the police only wrote a report on three occasions.  (*See* Doc. # 3 at 7-8 of 19).  Private citizens cannot compel enforcement of criminal law.  *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (citations omitted);  *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("private citizens generally have no standing to institute criminal proceedings").  Mr. Schreiner has no constitutional right to have a police report written for every occasion that he called the Louisville police.

First, without a predicate constitutional harm inflicted by an officer, no liability exists for the City of Louisville. *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (citation omitted).  *See also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) ("We will not hold a municipality liable [for constitutional violations] when there was no underlying constitutional violation by any of its officers.") (internal quotation marks and citation omitted); *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) ("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").[3]

Second, § 1983 does not encompass *respondeat superior* liability on the part of a municipality or local government.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  *See also Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993) ("Local government liability under § 1983 is not imposed on a respondeat superior theory.").  Municipalities and municipal

---

[3] Moreover, the Louisville Police Department is not a separate entity from the City of Louisville, and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991).

entities such as the City of Louisville are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom. *See Monell*, 436 U.S. at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added).

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Nor may Defendant Hayes be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[W]hen a plaintiff sues an official under . . . § 1983 for conduct arising from his or her superintendent responsibilities, the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). In order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained

of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Schreiner does not allege any facts to support a direct causal link between any action of the City of Louisville or Defendant Hayes and a constitutional violation. *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997). As Mr. Schreiner alleges no specific conduct apart from that of the individual police officer Defendants, he "can only be alleging *respondeat superior* liability . . ., which the Supreme Court has ruled cannot support § 1983 liability against municipalities." *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009). Mr. Schreiner's allegations are insufficient to state a claim against Defendants City of Louisville or Hayes under § 1983.[4]

C.      Failure to Allege Personal Participation

With respect to his First, Third, and Seventh Claims, Mr. Schreiner does not specifically identify how any Defendant other than Officer Sundberg violated his rights. As the court has explained to Mr. Schreiner several times (*see* audio recording of Status Conference (Doc. # 34); *see also* Civil Action No. 14-cv-03383-GPG at Doc. # 26 at 3 of 5, Doc. # 29 at 7 of 9), individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) ( "Personal participation is an essential allegation in a § 1983 claim."). A plaintiff must both allege in the complaint and prove

_____

[4] Mr. Schreiner responds that he "can't address the issue of the city not being liable under the theory of respondeat superior, other than to ask, why not?" (See Doc. # 35 at 28 of 69).

at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001). To state a claim Mr. Schreiner must allege (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In his First Claim for Relief, Mr. Schreiner states that there is no evidence that Defendant Lanphere was present. (*See* Doc. # 3 at 3 of 19). He alleges only that Defendant Martinez "stayed with Plaintiff to read the divorce papers." (*See id.*). He does not allege any other participation by Defendants Lanphere or Martinez in the alleged constitutional violations asserted in the claim. (*See* Doc. # 3 at 2-6 of 19). Defendants Lanphere and Martinez are properly dismissed from the First Claim for Relief. In his Third and Seventh Claims for Relief, Mr. Schreiner fails to identify personal participation by any specific Defendant. (*See* Doc. # 3 at 9-10, 13-14 of 19). The Third and Seventh Claims for Relief are properly dismissed.

In Mr. Schreiner's First Claim for Relief he makes specific allegations against Defendant Sundberg for "False Arrest and False Imprisonment." "In the context of a false arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime." *Shimomura v. Carlson*, 17 F. Supp. 3d 1120, 1132 (D. Colo. 2014) (citation omitted). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir.1995) (internal quotation marks and citation omitted). Whether probable cause existed or not may be determined as a matter of law "if there is no dispute as to the pertinent events and the knowledge of the officers." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The individual Defendants raise the defense of qualified immunity.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (internal quotation marks and citation omitted).  "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*  "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry.  *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  Where no constitutional violation is stated, "the inquiry ends and the officer is entitled to qualified immunity."  *Wilder*, 490 F.3d at 813.

A defendant arresting officer is entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff.  *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).  Probable cause requires only a probability of criminal activity, not a *prima facie* showing of such activity.  *Illinois v. Gates*, 462 U.S. 213, 235 (1983).  Where no Fourth Amendment violation occurred because the officer possessed probable cause to arrest and charge the individual, "the inquiry ends and the officer is entitled to qualified immunity."  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."  *Hunter*, 502 U.S. at 227 (internal quotation marks and citation omitted).

Mr. Schreiner alleges that on December 14, 2012, he called the Louisville Police Department for assistance.  He reported that his ex-wife had attempted to "kidnap" his son by

taking him to her nearby home "despite the fact that Plaintiff had legal right to parenting time that night. . . ." (*See* Doc. # 3 at 2-3 of 19). He alleges that after Defendant Sundberg interviewed his ex-wife, he "told Plaintiff that he was being arrested for harassment and domestic abuse." (*See id.*). He alleges that Defendant Sundberg "fabricated probable cause to arrest, stating falsely in the police report of this incident that Plaintiff had physically abused his ex-wife and son" and that "Defendant Sundberg knew it didn't happen . . . ." (*See* Doc. # 3 at 4-5 of 19). Mr. Schreiner alleges that Defendant Sundberg "refused to speak with an eyewitness over the phone or drive a couple of miles to interview him at his home." (*See id.*).

Victim complaints alone may form a basis of probable cause. *Keough v. Packard*, No. 13-cv-02485-REB-KLM, 2014 WL 4627193, at *6 (D. Colo. Sept. 15, 2014) (citations omitted). *See also Singer v. Fulton Co. Sheriff*, 63 F.3d 110, 119 (2d Cir.1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."). "The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003) (citations omitted). Even where, as here, a prior relationship between the victim and the arrestee exists, when a "victim precisely identifies the alleged perpetrator of a crime and there is independent corroborative evidence to support at least some of the victim's assertions, a person of reasonable caution is warranted in believing that an offense has been committed by the alleged perpetrator." *Brodie v. Fuhrman*, No. 07-CV-4212 DGT, 2010 WL 1189347, at *6 (E.D.N.Y. Mar. 29, 2010) (citation omitted).

"Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed." *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003) (citation omitted).  Probable cause existed in this case if, at the moment when Defendant Sundberg arrested Mr. Schreiner, the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that Mr. Schreiner had committed the crimes.  *Id.* (citations omitted). In determining whether the arrest was supported by probable cause, the court "look[s] only at what the officer knew at the time he sought the warrant, not at how things turned out in hindsight."  *Id.* (citation omitted).  "[I]n crediting the complaint of a reasonably believable witness or putative victim, the police are under no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth."  *Beauchamp*, 320 F.3d at 743 (citations omitted).  "[O]nce probable cause is established, an officer is not required to continue to investigate for exculpatory evidence before arresting a suspect."  *Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007).

Mr. Schreiner has not alleged any plausible basis for Defendant Sundberg to disbelieve the victim's report.  The allegations indicate that the crimes for which Mr. Schreiner was arrested had just been committed, two officers were present, the victim spoke in person to the arresting officer, and the officer observed the victim's, Mr. Schreiner's, and their son's demeanors.  Mr. Schreiner alleges that "Officer Sundberg said ex-wife told him that Plaintiff had pushed her into a wall and picked up his son and threw him down on the hardwood floor."  (See Doc. # 3 at 4-5 of 19).  He alleges that Defendant Sundberg "knew it didn't happen" because "neither Plaintiff[']s son nor ex-wife were taken to the local ER to assess their injuries. . . . If a reasonable person actually believed that had happened, then a visit to an ER would be mandatory."  (*See id.* at 5 of 19).

> And for that same man to shove a 135 pound woman into a wall, would have surely caused bruising on the front and back of said woman if not broken bones. Most, if not all women bruise very easily.  Why weren't there any bruises on that woman? Because Plaintiff didn't touch her. And if Plaintiff were to do such a thing, wouldn't it have been reasonable to believe that he was also capable of stopping the kidnapping? Of course he could have stopped it easily with physical force but that didn't happen because Plaintiff is not predisposed to that type of thing. The Officer knew that the claims being made by ex-wife were false and therefore, there was no need to take her to the ER, or Defendant officer has a level of intellect so low as to be inconsistent with self-sufficient life. Also, Officer Sundberg apparently did not know Colorado law which states that an intruder may be physically removed from a home if he/she entered unlawfully the (the "make my day law"). Although Plaintiff never did touch his ex-wife or his son during the break-in, Defendant Sundberg decided to use these false accusations to make up charges that suited himself, Defendant's [sic] Hayes, Martinez, and Lanphere. They also acted as if they weren't the least familiar with Colorado 's Castle Doctrine or "Make my Day" law as defined in C.R S 18-1-703, C.R.S. 18-1-704 and C.R.S. 18-1-705.

(*See* Doc. # 3 at 4-5 of 19).  These are not facts that plausibly support the allegation that

Defendant Sundberg knew that the victim's report was false.  These are no more than Mr.

Schreiner's conclusions based on his own suppositions.  Mr. Schreiner's allegations do not

plausibly negate the existence of probable cause for his arrest.  He "merely disagrees with the

credibility decisions, inferences and conclusions that [Defendant Sundberg] elected to draw from

those facts."  *Spalsbury v. Sisson*, 2007 WL 2705722 at *7 (10th Cir. Sept. 11, 2007).  As

probable cause to arrest is a complete defense, Defendant Sundberg is entitled to be dismiss

from Mr. Schreiner's First Claim for Relief.  *See Morfin v. City of East Chicago*, 349 F.3d 989,

997 (7th Cir.2003) ("It is well settled that the actual existence of probable cause to arrest

precludes a § 1983 suit for false arrest.") (citations omitted).


D.     Eighth Claim for Relief

       In his Eighth Claim, Mr. Schreiner fails to assert a constitutional right to have his pets

taken care of by police officers after his arrest.  To the extent the Mr. Schreiner may by

challenging the deprivation of his property, the United States Constitution guarantees due

process when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16

F.3d 367, 369 (10th Cir. 1994).  However, "neither negligent nor intentional deprivations of

property under color of state law that are random and unauthorized give rise to a § 1983 claim

where the plaintiff has an adequate state remedy . . . ."  *Gillihan v. Shillinger*, 872 F.2d 935, 939

(10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir.

2010).  *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized

intentional deprivation of property does not violate due process if an adequate postdeprivation

remedy for the loss is available).  Plaintiff has a remedy available in state court.  *See* Colo. Rev.

Stat. §§ 24-10-104 and 24-10-118.  The Eighth Claim for Relief is properly dismissed for failure

to state a claim to which relief can be granted.

E.     Eleventh Claim for Relief

       Concerning Mr. Schreiner's Eleventh Claim for civil conspiracy, mere conclusory

allegations of conspiracy with no supporting factual assertions are not sufficient.  *Scott v. Hern*,

216 F.3d 897, 907 (10th Cir. 2000) (citations omitted).  As the court has previously explained to

Mr. Schreiner, pleadings must present specific facts that show agreement and concerted action

by the Defendants.  *Id.*  (*See also* Civil Action No. 14-cv-03383-GPG at Doc. # 29 at 7 of 9).  Mr.

Schreiner fails to present any specific facts in his Eleventh Claim that support the existence of

an understanding, an agreement, or concerted action necessary to establish the Defendants'

participation in a conspiracy.  The Complaint contains nothing more than a conclusory allegation

of a conspiracy, which is "insufficient to state a valid § 1983 claim."  *Hunt v. Bennett*, 17 F.3d

1263, 1266 (10th Cir. 1994).  *See also Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533

(10th Cir. 1998) (for § 1983 conspiracy claim, a plaintiff must allege specific facts showing an

agreement and concerted action amongst the defendants) (citation omitted); *Crabtree By and*

14

*Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.");  *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) ("[C]onclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient.") (quoting *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo. 1998)).  Mr. Schreiner's allegations are insufficient to state a claim that Defendants conspired to violate his constitutional rights.  The Eleventh Claim for Relief is properly dismissed for failure to state a claim upon which relief can be granted.  *See Scott v. Hern*, 216 F.3d at 908 (upholding dismissal of an amended complaint that failed to provide factual averments as to the nature of the alleged conspiracy or the defendant's role in the alleged activities);  *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice.").

F.     State Law Claims

To the extent that Mr. Schreiner alleges state law civil claims against government entities and employees, the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. §§ 24-10-101 *et seq.*, bars any claim against a public entity or a public employee for injuries that lie in tort or could lie in tort, except in certain limited circumstances.  Colo. Rev. Stat. § 24-10-105.  *See also* Colo. Rev. Stat. § 24-10-106(1) ("A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section").  Mr. Schreiner's claims of malicious prosecution, negligence, assault and battery, defamation,

intentional and negligent infliction of emotional distress, medical negligence, and conspiracy lie in tort under Colorado law and are subject to the provisions of the CGIA. *See Gallagher v. Bd. of Trustees for the Univ. of Northern Colorado*, 54 P.3d 386, 395 (Colo. 2002) (defamation is a state claim that is not one of the enumerated exceptions to tort immunity set forth in the CGIA); *Graham v. State*, 956 P.2d 556, 560 (Colo. 1998) (conspiracy and malicious prosecution claims would lie in tort and would therefore be barred by the CGIA); *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970) ("We recognize that an action in tort will lie to recover damages for severe emotional distress without any accompanying physical injury."); *Garcia v. Chamjock*, No. 11-CV-00263-PAB-MEH, 2011 WL 7429425, at *6 (D. Colo. Dec. 20, 2011) (Plaintiff's medical negligence claim . . . falls within the CGIA in that it is also a claim that 'could lie in tort.'"), *report and recommendation adopted*, No. 11-CV-00263-PAB-MEH, 2012 WL 638145 (D. Colo. Feb. 27, 2012); *Arabasz v. Schwartzberg*, 943 P.2d 463, 465 (Colo. App. 1996) ("In resolving whether a claim is barred by the CGIA, the question is not how the claim is characterized, but whether the claim is a tort claim or could be a tort claim."); *State v. Zahourek*, 935 P.2d 74, 78 (Colo. App. 1996) ("counterclaims based on alleged conspiracy . . . would lie in tort and therefore be barred" by the CGIA); *White v. Muniz*, 999 P.2d 814, 819 (Colo. 2000) (addressing intent element of intentional torts of assault and battery).

Nor do his claims fall within any of the enumerated exceptions to tort immunity set forth in the CGIA. *See* Colo. Rev. Stat. § 24-10-106. And although Mr. Schreiner argues in his Response that Defendants' actions were "willful and wanton" (*see* Doc. # 35 at 4-5, 24 of 69), nowhere in the Complaint has he alleged that the individual Defendants' acts or omissions were willful and wanton. *See* Colo. Rev. Stat. § 24–10–105(1) (containing an express exception that triggers a waiver of the sovereign immunity of public employees working within the scope of their employment if their acts or omissions were willful and wanton). The court thus lacks

subject matter jurisdiction over Mr. Schreiner's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief.

Defendants also move to dismiss Mr. Schreiner's claims for failure to timely comply with the notice requirements of the CGIA, Colo. Rev. Stat. § 24-10-109(1). The notice requirements of the CGIA provide that:

> [a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Colo. Rev. Stat. § 24–10–109(1). The statutory notice provisions of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction. *Renalde v. City & County of Denver, Colo.*, 807 F. Supp. 668, 675 (D. Colo.1992) (holding that Colorado tort claims brought by a private plaintiff under pendent jurisdiction are subject to the notice provisions of the CGIA as a jurisdictional prerequisite to suit).

Mr. Schreiner does not dispute that he has not alleged compliance with the CGIA notice provisions. "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions." *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hospital District*, 353 F.3d 832, 840 (10th Cir. 2003). "This lack of compliance, then, is a jurisdictional issue." *Id.* Mr. Schreiner argues that, as a *pro se* litigant, he was unaware of the notice provisions of the CGIA. (*See* Response (Doc. # 35) at 24 of 69). However, "[u]nlike under ordinary statutes of limitations, a plaintiff cannot invoke equitable defenses such as waiver, tolling, or estoppel to overcome" the CGIA's notice provision. *City & Cty. of Denver v. Crandall*, 161 P.3d 627, 633 (Colo. 2007) (*en banc*). For this reason also, the

court lacks subject matter jurisdiction over Mr. Schreiner's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief.

Defendants also move to dismiss Mr. Schreiner's state law claims as barred by the statute of limitations.  At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.  *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted); *Bullington v. United Air Lines Inc.*, 186 F.3d 1301, 1310 n. 3 (10th Cir.1999) (noting "that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period") (citation omitted), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir.2003); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

All of the allegations in the Complaint relate to events that occurred on or about December 12, 2012.  Mr. Schreiner filed his Complaint in the Boulder County District Court on December 12, 2014.  (*See* Docs. # 1-1, # 3).  Colo. Rev. Stat. § 13–80–103(c) reads in pertinent part:

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:
> (c) All actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority;

18

Colo.Rev.Stat. § 13–80–103(c).  "[W]hen the action is against a person described in § 13–80–103(c), it is subject to a one-year limitations period." *Gallegos v. City of Monte Vista*, 976 P.2d 299 (Colo.App.1999).  To the extent that Mr. Schreiner alleges state law claims against individual officers, his claims appear to be barred by the one-year statute of limitations.

A statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling.  *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling").  However equitable tolling is employed as an "exception, not the rule." *Rotella*, 528 U.S. at 561, 120 S.Ct. 1075.  Equitable tolling of a statute of limitations is limited to circumstances in which either a defendant wrongfully impedes a plaintiff's ability to bring the claim, or truly extraordinary circumstances prevent a plaintiff from filing the claim despite diligent efforts.  *Neuromonitoring Assocs. v. Centura Health Corp.*, 351 P.3d 486, 490 (Colo. App. 2012) (citations omitted).  Once a statute of limitations defense has been raised, the plaintiff bears the burden of establishing the factual foundation for equitable tolling." *Id.* (citation omitted).

State law governs the limitations period and the application of tolling whether Mr. Schreiner's claims are state law claims or federal civil rights claims.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("[L]imitations periods in § 1983 claims are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules.") (internal quotation marks and citation omitted).  Likewise, "[a] federal court sitting in diversity applies the substantive law of the state where it is located, including the state's statutes of limitations" and the state's "tolling rules, as they are an integral part of the several policies served by the statute of limitations." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1210 (10th Cir. 2013) (internal quotation marks and citations omitted).

Mr. Schreiner does not dispute that the statute of limitations applies to his claim. He argues that, as a *pro se* litigant, he was unaware of the statute of limitations. (See Response (Doc. # 35) at 23 of 69). However, "ignorance of the law does not expand the statute of limitations for filing suit." *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 854 (Colo. App. 2007). *See also Cooper v. NCS Pearson, Inc.*, 733 F.3d 1013, 1016 (10th Cir. 2013) (ignorance of the law does not toll a statute of limitations). To the extent that Mr. Schreiner alleges state law claims against individual officers, such claims are barred by the statute of limitations and are properly dismissed for failure to state a claim to which relief can be granted.[5]

## IV.   Conclusion

Accordingly, IT IS RECOMMENDED that:

1.       Defendants' Motion to Dismiss (filed March 13, 2015) (Doc. # 20) be GRANTED.

2.       The First Claim for Relief be dismissed without prejudice for failure to state a claim to which relief can be granted.

3.       The Second and Eighth Claims for Relief be dismissed with prejudice for failure to state a claim to which relief can be granted.

---

[5] To the extent that Mr. Schreiner alleges that his First Claim for Relief is a federal civil rights claim (*see* Doc. # 3 at 2 of 19, ¶ 8), both state and federal courts apply the two year statute of limitations to § 1983 cases, regardless of whether they are asserted against law enforcement officials.

> As to the claim under § 1983, both federal and state courts have recognized not only the breadth of this uniquely federal remedy and the corresponding necessity for a uniform limitation period within each jurisdiction, but also the Supreme Court's admonition that the appropriate limitation period for § 1983 claims is that period generally applicable to personal injury actions. Hence, in Colorado the applicable statute of limitations for § 1983 actions, even those asserted against law enforcement officers, is the two-year limitation period of § 13–80–102(1)(g).

*Nieto v. State*, 952 P.2d 834, 844 (Colo.App.1997) (internal quotation marks and citations omitted), *aff'd in part and rev'd in part on other grounds*, 993 P.2d 493 (Colo.2000). *See also Gallegos*, 976 P.2d at 302. Nevertheless, the court has concluded, *supra.*, that the First Claim for Relief against Defendant Sundberg is properly dismissed on other grounds.

4.      The Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Claims for

Relief be dismissed without prejudice for lack of subject matter jurisdiction and for failure to state

a claim to which relief can be granted.

5.      The Louisville Police Department be dismissed as an improper party.


**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendation with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real*

*Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Failure to make timely objections may bar de novo review by the District Judge of the Magistrate

Judge's proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and recommendations of

the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District

Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an

objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v.*

*Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain

portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their

failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 4th day of December, 2015.

BY THE COURT:


      s/Craig B. Shaffer      
United States Magistrate Judge